# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WACO INVESTORS OF DULUTH, L.P.,

       Plaintiff,              :       Case No. 3:09-cv-151

                                       District Judge Thomas M. Rose
   -vs-                             Magistrate Judge Michael R. Merz

                              :

THARALDSON DEVELOPMENT CO.,
  INC.,

       Defendant and Third-Party
               Plaintiff,

   - vs -

CENTRAL PLASTERING, INC., et al.,

       Third-Party Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Third-party Plaintiff Tharaldson Development Co., Inc.'s, Motion for Default Judgment (Doc. No. 74) against Third-Party Defendants, Central Plastering, Inc. ("Central Plastering"); Jonas Construction Company, Inc.("Jonas"); Darren Grafenstein Construction ("Grafenstein"); Fred Oswald Contracting ("Oswald"); and L&L Interiors, Inc. ("L&L") (collectively referred to as "defaulting Third-Party Defendants").

The Motion shows that each of the defaulting Third-Party Defendants was duly served with process and a copy of the Third-Party Complaint, that each of them is in default for want of any response, and that the Clerk has entered their default as provided in Fed. R. Civ. P. 55. Accordingly, Third-Party Plaintiff is entitled to default judgment for liability against each of the defaulting Third-Party Defendants on each of its claims for relief. The Court should find that Third-Party Plaintiff

is thus entitled, but delay entry of judgment until the Third-Party Plaintiff's damages are determined.

July 23, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).